803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
JAMES M. LABAY, Defendant-Appellant.
 No. 85-3800.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1986.
 
 1
 BEFORE: JONES, MILBURN and BOGGS, Circuit Judges
 
 ORDER
 
 2
 James LaBay timely filed this pro se appeal from the September 5, 1985 order of the district court denying his "Motion for Finding of Fact and Clarification of Presentence Investigation Report, Pursuant to Rule 32(c)(3)(D) and/or Set Aside Plea and/or Sentence, Pursuant to 18 U.S.C. Sec. 2255 and 18 U.S.C. Sec. 2241." This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 LaBay was charged in four counts of a multiple count indictment with conspiring with numerous other individuals to import and distribute marijuana and to defraud the United States, the Internal Revenue Service, and the Customs Service by impairing, obstructing and defeating their lawful governmental functions. On June 24, 1984, LaBay pled guilty to one count of the indictment pursuant to a plea agreement. At the August 8, 1984, sentencing hearing, LaBay's retained counsel expressed concern to the court that the presentence report contained a statement to the effect that LaBay was not remorseful for his acts because he failed to cooperate with the Probation Department. The court responded that LaBay's remorse, or the lack thereof, had no significance and that the court simply ignored such reactions from those persons before it for sentencing. The court then sentenced LaBay to five years imprisonment, the maximum penalty, and the government dismissed the remaining counts against LaBay pursuant to the plea agreement.
 
 
 4
 On December 3, 1984, LaBay filed a Motion for Reduction of Sentence, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, contending that at the sentencing of another defendant charged in this conspiracy the district court stated:
 
 
 5
 "This is the first of a series of pleas on an offense quite large in magnitude and I will assure Counsel and will assure future Counsel that there will be a symmetry of the sentencing."
 
 
 6
 LaBay claimed that despite this representation by the court there was disparity between his five-year sentence and those sentences of his co-defendants with equal culpability, who were sentenced to one year and one day in prison. The district court found that the original sentence was appropriate and denied the motion. On May 7, 1985, LaBay filed a Motion to Vacate, pursuant to 28 U.S.C. Sec. 2255 (raising essentially the same grounds as in the Rule 35 motion), which was denied on May 14, 1985. An appeal to this Court subsequently was dismissed, on August 7, 1985, for want of prosecution.
 
 
 7
 On August 9, 1985, LaBay filed the pro se motion which is the subject of this appeal. He now claims that his guilty plea was based on his understanding from both his counsel and the United States Attorney that the counts dismissed pursuant to the plea agreement would not affect him before the Parole Commission. The dismissed counts were mentioned in his presentence report, however, and are presenting problems before the Parole Commission. LaBay also claims that there were certain factual inaccuracies in his presentence report that are also causing him problems with the Parole Commission and that, under Rule 32(c)(3)(D), the district court was required to make a finding on these inaccuracies.
 
 
 8
 The district court treated LaBay's motion (and the supplemental pleadings filed thereafter) as a Motion for Reduction of Sentence under Rule 35 and denied it for lack of jurisdiction because it was not filed within 120 days of the sentencing.
 
 
 9
 Appellant LaBay did not raise the issue whether the district court erred in treating his motion and supplemental pleadings as a Motion for Reduction of Sentence pursuant to Rule 35. The government contends, however, that because LaBay incorporated his previously filed Rule 35 motion into the current motion, it was, at least in part, a Rule 35 motion which was properly dismissed for lack of jurisdiction. LaBay replies that there has been no request to reduce his sentence. Rather, he is asking that the government fulfill its agreement with reference to his role in the conspiracy; that the district court make findings pursuant to Rule 32(c)(3)(D) with regard to contested facts in his presentence report; and, if all else fails, that his conviction and sentence be set aside. Without determining whether the district court was correct in its Rule 35 ruling, this Court can affirm the decision on any ground showing that it is correct. Brown v. Allen, 344 U.S. 443, 459 (1953); City of Cleveland v. Cleveland Illuminating Company, 570 F.2d 123, 128 (6th Cir. 1978). The record in this case is sufficient to affirm the decision of the district court on the basis of 28 U.S.C. Sec. 2255.
 
 
 10
 LaBay contends that his sentence should be set aside under 28 U.S.C. Sec. 2255 because his guilty plea was induced by a plea agreement that has been breached by the government. Specifically, LaBay claims that his plea was based on his understanding and belief that pursuant to the plea agreement his sentence and his subsequent dealings with the U.S. Parole commission would not be based in any manner upon the dismissed counts in his indictment or upon any allegation that he was anything but a courier in the conspiracy. The government, he claims, has failed to live up to this agreement because there is a reference to the three dismissed counts in his presentence report and because the United States Attorney responded to an inquiry by a private consulting firm that LaBay was substantially involved in the conspiracy. This argument is without merit. The United States Attorney revealed the terms of the plea agreement to the court at the change of plea hearing to show that LaBay would plead guilty to Count 16 of the indictment and the United States would dismiss the other counts prior to or just after sentencing. The Court then inquired of defense counsel and the defendant whether this was their understanding of the complete plea agreement. Each of them responded that it was his understanding of the complete agreement. The Court then completed its Rule 11 inquiry prior to making a determination that LaBay's plea was voluntary and accepting that plea. This Court recently held that, "where Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court." Baker v. United States, 781 F.2d 85 (6th Cir. 1986). The Rule 11 procedures were fully adequate in this case and LaBay offers no explanation why any additional terms of the plea agreement were not revealed to the Court during the plea hearing. Therefore, LaBay is bound by the terms revealed in open court.
 
 
 11
 LaBay's argument that the district court failed to comply with Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure also is without merit. Rule 32(c)(3)(D) requires the court to (1) make a finding as to the allegation of factual inaccuracies, or (2) make a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. At the sentencing hearing defense counsel challenged the statement in the presentence report that the defendant was not remorseful because he refused to cooperate by making a complete statement. Counsel explained to the Court why defendant did not cooperate and indicated his concern that the Court would take that fact into consideration during sentencing. The Court assured counsel that defendant's remorse or the lack thereof had no significance to the court as to sentencing. This determination by the district court was sufficient to comport with Rule 32(c)(3)(D).
 
 
 12
 Accordingly, it is ORDERED that the judgment of the district court is affirmed. Sixth Circuit Rule 9(d)(3).